SCHWARTZ, Chief Judge.
We find that the trial court properly denied the application of the appellant, a convicted second degree murderer in the custody of the Florida Department of Corrections, for additional overcrowding gain time credits, see Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), and for credits equivalent to those granted to inmates eligible for Control Release. Our review of the record shows that as a person designated in Gomez v. Singletary, 733 So.2d 499 (Fla.1998), cert. denied, 528 U.S. 822, 120 S.Ct. 67, 145 L.Ed.2d 58 (1999) as a member of Offender Group 5, Gomez, 733 So.2d at 513 n. 3, he had in fact been granted, as required by Lynce, all the provisional gain time credits which had already been awarded and of which he therefore could not be deprived. As Gomez squarely holds, however, he was not entitled, as he argues, to additional credits which had not yet been awarded when section 944.278, Florida Statutes (1993), which purported to cancel all such credits, was enacted. See Winkler v. Moore, 831 So.2d 63 (Fla.2002). Furthermore, as a convicted murderer, he was not eligible for and thus was not entitled to credits under the Control Release program. Gomez, 733 So.2d at 506[1]; see also Winkler, 831 So.2d at 65-67; Meola v. Department of Corrections, 732 So.2d 1029 (Fla.1998).
Affirmed.

. The petitioners also argue that for the years in which Control Release allotments were awarded they should receive the much higher number of Control Release allotments that were given to the Control Release eligible inmates. We conclude that under the Ex Post Facto Clause, the petitioners are only entitled to the number of credits that should have been awarded under the prior statutes, not what other inmates were actually awarded under the Control Release program. To do otherwise would result in an undue windfall for the petitioners.
Gomez, 733 So.2d at 506.